

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | )<br>)<br>) |
| GARY B. WADE, SR., | ) CASE NO. 10-31139-H3-7<br>) |
| Debtor, | )<br>) |
| BUCKEYE RETIREMENT CO., | )<br>) |
| Plaintiff,<br>v. | )<br>) ADV. NO. 11-3624<br>) |
| GARY B. WADE, SR., | )<br>) |
| Defendant. | )<br>) |

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the "Non-Parties Rochelle Lang's, AAA Treasure International Company, Inc.'s, and Omni Pipe Solutions' Motions to Quash Subpoena Duces Tecum to Non-Party Witness Texas Capital Bank, N.A. and Motions for Protective Order" (Docket Nos. 30, 31), and "Non-Parties Rochelle Lang's, AAA Treasure International Company, Inc.'s, and Omni Pipe Solutions' Motions to Quash Subpoena Duces Tecum to Non-Party Witness Capital One, N.A. and Motions for Protective Order" (Docket Nos. 32, 33).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate conforming Judgment will be entered.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the

extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Gary B. Wade, Sr. ("Defendant") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 9, 2010.  A discharge was entered in the above captioned Chapter 7 case on December 11, 2010.

In the instant adversary proceeding, Buckeye Retirement Co., LLC, Ltd. seeks revocation of discharge, asserting generally that Defendant obtained a discharge by fraud, while concealing a beneficial interest in AAA Treasure International Company, Inc. ("AAA") and Omni Pipe Solutions' ("Omni"), entities Plaintiff asserts are nominally owned by Rochelle Lang.

On April 19, 2012, Plaintiff filed, in this adversary proceeding, a notice indicating that it had issued a subpoena duces tecum to Texas Capital Bank, N.A. for certain documents related to Defendant, AAA, Omni, or Lang, addressing a period from January 1, 2006 through December 31, 2011.  (Docket No. 22).

On April 24, 2012, Plaintiff filed, in this adversary proceeding, a notice indicating that it had issued a subpoena duces tecum to Capital One, N.A. for certain documents related to Defendant, AAA, Omni, or Lang, addressing a period from January 1, 2006 through "the present."  (Docket No. 23).

In the instant motions, AAA, Omni, and Lang ("Movants") seek entry of orders quashing the subpoenas duces tecum, and

protecting them from further discovery in the instant adversary proceeding.

Movants urge three arguments in support of the instant motions: 1) that the documents sought are not relevant; 2) that the document requests are overbroad; and 3) that the documents sought contain Movants' confidential commercial information.

At the hearing on the instant motion, counsel for Movants announced that Movants no longer object to the subpoena as to Capital One, N.A.

At the hearing on the instant motion, counsel for Plaintiff announced that Plaintiff is limiting its request to Texas Capital Bank, N.A. to the signature cards for bank accounts of AAA and Omni at Texas Capital Bank, N.A., as well as copies of bank statements, checks, wire transfers, and deposit slips for AAA, Omni, and Lang at Texas Capital Bank, N.A., for the period from August 1, 2009 through March 31, 2011.

At the hearing on the instant motion counsel for Plaintiff agreed to restrict the use of documents produced, so that such documents will not be used by Plaintiff for any purpose other than the instant adversary proceeding, and will not be revealed to anyone except the Chapter 7 Trustee and the court.

Counsel for Movants requested that if the Chapter 7 Trustee is given access to the documents, the Trustee would be constrained to use of the documents in the adversary proceeding

in which Trustee is a plaintiff, and prevented from revealing the documents to third parties.[1]

## Conclusions of Law

Under Rule 26(c)(1) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7026, a person from whom discovery is sought may move for a protective order in the court where the action is pending.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Rule 26(c)(1), Fed. R. Civ. P.

In the instant case, the subpoena directed to Texas Capital Bank, as limited by the announcement of Plaintiff's counsel, is not overbroad.

With respect to the question of confidential commercial information, the parties appear to be near agreement on provisions to protect the confidential information.  The court will permit disclosure of those items to the Chapter 7 Trustee, subject to the agreement of all parties on a form of confidentiality agreement.[2]

With respect to the question of relevance, it is clear that the documents requested with respect to AAA and Omni are relevant to a determination as to the matters addressed in the

---

[1] Adv. No. 11-3625.

[2] In the event the parties are unable to agree on the confidentiality provisions, they may file a separate motion.

complaint. As to the documents with respect to Lang, Plaintiff's counsel asserted at the hearing on the instant motions that there is a personal relationship between Debtor and Lang. However, such a personal relationship, if any, is not substantiated in any pleadings presently before the court. Plaintiff thus has not sufficiently articulated a need for the documents as to Lang in her individual capacity. The court concludes that the motion should be granted in part, and denied in part, without prejudice to the rights of the parties to seek additional discovery upon the presentation of a sufficient showing of good cause.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on May 23, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE