ENTERED
11/07/2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| GARY B. WADE, SR., | ) ) ) | CASE NO. 10-31139-H3-7 |
| Debtor, | ) | |

---

|  |  |  |
|---|---|---|
| BUCKEYE RETIREMENT CO., | ) ) ) | |
| Plaintiff | ) | |
| v. | ) ) | ADV. NO. 11-3624 |
| GARY B. WADE, SR., | ) ) ) | |
| Defendant | ) | |

---

|  |  |  |
|---|---|---|
| RODNEY TOW, TRUSTEE, | ) ) ) | |
| Plaintiff | ) | |
| v. | ) ) | ADV. NO. 11-3625 |
| GARY B. WADE, SR. and ROCHELLE LANG, | ) ) ) ) | |
| Defendants | ) ) | |

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the following motions: the "Motion To Compel Production of Documents From Rochelle Lang, AAA Treasure International Company and Omni Pipe Solutions" (Docket No. 35, Adv. No. 11-3625) filed by the Chapter 7 Trustee, Rodney Tow, Plaintiff in Adversary No. 11-3625; and the "Amended Motion To Compel Production of Documents From AAA Treasure International Company and Omni Pipe Solutions" (Docket No. 66, Adv. No. 11-3624) filed by Buckeye Retirement Co., LLC, Ltd,

Plaintiff, the "Non-Parties AAA Treasure International Company, Inc.'s, and Omni Pipe Solutions' Motions to Quash Subpoena Duces Tecum to Non-Party Witness American Express and Motions for Protective Order" (Docket Nos. 72, 73), and "Non-Parties AAA Treasure International Company, Inc.'s, and Omni Pipe Solutions' Motions to Quash Subpoena Duces Tecum to Non-Party Witness Central Loan Administration & Reporting and Motions for Protective Order" (Docket Nos. 86, 87) filed by AAA Treasure International Company, Inc. and Omni Pipe Solutions in Adversary No. 11-3624.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate conforming Judgment will be entered.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Gary B. Wade, Sr. (Wade) filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 9, 2010.  A discharge was entered in the above captioned Chapter 7 case on December 11, 2010.

In Adversary No. 11-3624, Buckeye Retirement Co., LLC, Ltd. ("Buckeye") seeks revocation of discharge, asserting generally that Defendant obtained a discharge by fraud, while concealing a beneficial interest in AAA Treasure International

Company, Inc. ("AAA") and Omni Pipe Solutions ("Omni"), entities Buckeye asserts are nominally owned by Rochelle Lang ("Lang").

In Adversary No. 11-3625, the Chapter 7 Trustee ("Trustee") also seeks revocation of discharge and seeks to avoid fraudulent transfers of, and to recover, real property and ownership interests in AAA and Omni allegedly owned by Lang but acquired by her from Wade.  In addition, the Trustee seeks a declaratory judgment that the assets fraudulently transferred are property of the chapter 7 bankruptcy estate of Wade.

In Adversary 11-3625, on May 4, 2012, the Trustee served AAA and Lang with Requests for Admissions, Requests for Production and Interrogatories ("the Discovery").  On June 7, 2012, AAA and Lang served their Objections and Responses to the Discovery.  The objections raised by AAA and Lang are that the documents and information relating to bank statements, signature cards, insurance, utility bills, tax returns of AAA and Lang, and communications among Lang, AAA and/or their customers are not relevant and are confidential.  The Trustee seek to compel compliance with his Discovery requests.

In Adversary 11-3624, on April 27, 2012 Buckeye served AAA and Omni with Notices of Subpoena Duces Tecum requesting documents and on May 7, 2012, AAA and Omni served their Objections and Responses.   The objections raised by AAA and Omni are that the documents and information sought are not relevant

3

and are confidential.  Buckeye seeks to compel the production of the documents.

In Adversary 11-3624, Buckeye also served Subpoenas Duces Tecum on American Express (AMEX) on August 22, 2012 and on Central Loan Administration & Reporting (Central Loan) on September 12, 2012, requesting certain documents related to Wade, AAA, and/or Omni from 2006 to the present.  Docket Nos. 68, 74.  AAA and Omni filed motions to quash the subpoenas and for protective orders on the basis that the requests are not relevant, are beyond the scope of discovery, and are not reasonably calculated to lead to the discovery of admissible evidence.  Docket Nos. 72, 73, 86, 87.

An Agreed Protective Order was entered into by Buckeye, Wade, the Trustee, Lang, AA and Omni, and approved by the court on July 9, 2012, in connection with discovery of information considered to be trade secrets, sensitive, confidential, personal, proprietary and/or protected by privilege, related to the above captioned main case bankruptcy case and the two adversary proceedings.  Adversary 11-3624, Docket No. 56.

With respect to the question of relevance in both adversary proceedings, it is clear that the documents requested with respect to AAA and Omni are relevant to a determination as to the matters addressed in the adversary complaints.  The information sought is also relevant as to Lang.  The adversary

complaints allege that Wade is the actual owner of AAA, not Lang. Lang testified that the sole basis of her relationship with Wade was that he was a mentor to her and helped her establish and operate AAA, which is in the business of selling casing and tubing pipe used in the oil drilling industry.  Lang was unable to explain why Wade's 2003 and 2004 income tax returns reflect that she is listed as Wade's dependent.  Joint Exhibits C and D.[1]

      Lang testified that she is the "owner" of AAA and has been since she started the company in 2005.  Despite Lang's testimony as to her ownership of AAA, she was unable to explain why, on AAA's 2005 income tax return, Wade was listed as the 100% owner of AAA or why he signed the return as President.  She also could not explain why AAA filed a 2004 income tax return that was signed by Wade as President of AAA.  Joint Exhibits F and G.

      Lang testified that she could not recall why her name and signature do not appear on a number of AAA's corporate documents and filings with the Texas Secretary of State.  Lang is not listed on and did not sign the 2005 Articles of Incorporation of AAA and was unable to explain why Wade signed as the incorporator and was the only listed Director.  Lang is not listed on and did not sign AAA's Texas Franchise Tax Information Report for 2006 or 2009.  Lang failed to explain why Wade, listed as Director, on the report for 2006 is the only listed officer,

---

[1] Joint Exhibit refers to those submitted by Buckeye and the Trustee.

director, or member of AAA.  Lang also failed to explain why Deandrea Wade, listed as President, on the report for 2009, is the only listed officer, director, or member of AAA.  On AAA's Texas Franchise Tax Information Report for 2010, Lang is listed as Chairman with the report listing Deandrea Wade as the registered agent while the report is signed by Wade's son, Samori Diallo (also known as Gary Wade, Jr.), under the title of "Staff."  Joint Exhibit B.

Debtor listed Lang as a dependent on his 2004 federal income tax return.  Joint Exhibit D.

Lang testified, at a Bankruptcy Rule 2004 Examination conducted by the Trustee's counsel on September 19, 2011, that she did not know how many employees AAA had, was not sure how many salespeople AAA had, was not sure how many yard supervisors AAA had, was not sure how many operations managers AAA had, was not sure how many payroll checks were issued for each pay period, and was not sure how long she held the title of President of AAA. Joint Exhibit S.

Lang testified that Wade was not an employee of AAA and never received a salary from AAA although he agreed to work for the company.  Lang testified that AAA had a business AMEX card account and that she authorized Wade to have and use AAA's AMEX card to charge business expenses he incurred while working for AAA.  Lang testified that Central Loan holds the mortgage on the

real property located at 3213 Fuqua Street, Houston, Texas, which is the principal place of business, and the office location of, AAA.  Lang testified in her Bankruptcy Rule 2004 Examination that she purchased the Fuqua property from a couple for investment purposes, but she could not remember when she bought it and was not sure how long AAA had been at the Fuqua address.  Jesus and Celina Contreras executed a General Warranty Deed transferring the Fuqua property to Lang on June 7, 2007.  Joint Exhibit N-1.  Thereafter, on February 19, 2008, Lang transferred the Fuqua property by General Warranty Deed to Wade.  Joint Exhibit N-2.  Wade then transferred the Fuqua property back to Lang on December 9, 2009.  Joint Exhibit N-3.  The adversary complaint filed by the Trustee seeks to recover this property based upon Wade's fraudulent transfer of the property to Lang.

Lang was not a credible witness.

At a minimum, Wade and Lang had a very close business relationship.  The documents requested by the Trustee from Lang are relevant to determining who has an ownership interest in AAA and Omni and to determining whether Lang and Wade participated in a fraudulent scheme to defraud Wade's creditors.  Likewise, the information and documents that Buckeye requests from AMEX and Central Loan are relevant to determining the issues raised in the adversary complaints, and are not overbroad.  Wade, Lang, AAA,

and Omni are adequately protected by the terms of the Agreed Protective Order.

At the hearing on the instant motions, counsel for Buckeye announced that Lang, AAA and Omni had agreed to allow Buckeye to subpoena AMEX records from August 2009 to March 2011. At the hearing on the instant motions, counsel for Buckeye extended the period for which it is seeking records to include the period from January 2009 through March 2011, arguing that after Buckeye received documents from Texas Capital Bank, Buckeye became aware that Debtor had filed a previous bankruptcy case, and that some discovery had taken place in the months prior to that filing.  Although the court notes that Buckeye's motion requests documents from AMEX and Central Loan from 2006 to the present, the parties may agree to limit the time period for the production of documents.

## Conclusions of Law

Certain Federal Rules of Civil Procedure are made applicable to adversary proceedings pursuant to Bankruptcy Rule 7002 and include the use of discovery methods, including interrogatories, production of documents, and requests for admissions.  See Bankruptcy Rules 7033, 7034, and 7036.  Grounds for objections to discovery are to be stated with specificity.  A conclusory statement that the request is burdensome, overly

broad, or vague is not specific enough to qualify as a proper objection.

Under Rule 37 of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7037, a party propounding discovery may move to compel the disclosures of any relevant and otherwise discoverable material.  Under Rule 45(c)(2)(B)(i), as made applicable by Bankruptcy Rule 9016, if a subpoenaed person fails to comply with a subpoena, the requesting party may move the issuing court for an order compelling compliance with the subpoena.

A person from whom discovery is sought may move for a protective order, or request that a subpoena be modified or quashed in the court where the action is pending.  See Rules 26(c)(1) and 45 of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rules 7026 and 9016, respectively.

Once the moving party establishes that the materials and information it seeks are relevant to the lawsuit or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections and why the materials at issue should not be produced.  *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990).

The court concludes that the motions to compel should be granted and the motions to quash be denied. Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on November 7, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE